IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HENRY MCDONALD,**

      **Plaintiff,**

vs.

                                                                                                                      Civ. No. 02-1126 LCS/KBM

**AMERICAN STATES INSURANCE
COMPANY/SAFECO, PROPERTY
AND CASUALTY INSURANCE
COMPANY,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court on Plaintiff's Motion for Summary Judgment filed on August 12, 2003 (Doc.43). The United States Magistrate Judge, acting upon consent and designation pursuant to 28 U.S.C. § 636, and having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that the Motion is not well-taken and should be **DENIED**.

**I.**     **Background.**

      This case arises out of Plaintiff's underlying tort action involving a 1997 automobile accident. Pl. Compl. ¶ 13. At the time of the accident, Plaintiff was insured by American States Insurance Company/Safeco Property and Casualty Insurance Company ("American States") and the policy was valid. *Id.* at ¶ 7. Plaintiff's policy included an uninsured/underinsured motorist coverage provision which stated that "any judgment for damages arising out of a 'suit' brought without our written

1

consent is not binding on us" and that in the event of a suit, an insured is to "promptly send us copies of the legal papers." Pl. Ex. B.

The accident involved the tortfeasor, Curtis Means, who struck Plaintiff's vehicle from behind. Pl. Compl. ¶ 13. Tortfeasor's liability coverage through State Farm Insurance Company ("State Farm") was capped at $100,000. *Id.* at ¶ 15. Defendant was notified of Plaintiff's accident in a timely fashion. Pl. Ex. C-D. Plaintiff's step-daughter stated in a signed affidavit that she notified Defendant in November of 1999 of Plaintiff's pending insurance claim against State Farm. Pl. Ex. E. In November 2000, Plaintiff filed suit against tortfeasor's estate and State Farm. Pl.Compl. ¶ 16. Plaintiff did not obtain consent to sue from American States. *Id.* at ¶ 19. On May 1, 2002, the jury returned a verdict in favor of Plaintiff in the amount of $1.6 million. *Id.* at ¶ 18. Defendant was notified of the verdict on May 2, 2002. *Id.* at ¶ 20. State Farm offered to pay $100,000, as it was the limit of tortfeasor's policy. *Id.* at ¶ 21. Plaintiff now seeks to collect the remaining $1.5 million of the judgment from Defendant. *Id.* at ¶ 37. Defendant has refused to pay and Plaintiff is suing to recover this amount. *Id.*

**II.     Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact...and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First National Bank of Airzona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.   Analysis**

Plaintiff brings an action in bad faith, breach of contract, unfair practices and unfair insurance trade practices. Plaintiff contends that he is entitled to summary judgment on the grounds that Plaintiff provided Defendant with all notice required under the insurance policy and that the permission to sue clause in the policy is against public policy.

In New Mexico, the insurance policy governs. *Farmers Alliance Mut. Ins. Co. v. Bakke*, 619 F.2d 885 (10th Cir. 1980). The Court stated: "In New Mexico the obligation of...[an] insurer is contractual and is to be determined by the terms of the policy." *Id.* at 888. While the terms of the insurance policy govern, special consideration is given to uninsured motorist coverage. In *Schroth v. New Mexico Self-Insurer's Fund*, the New Mexico Supreme Court found that, "...with general uninsured motorist coverage in general, compliance with conditions precedent to recovery is often liberally construed...." *Schroth v. New Mexico Self-Insurer's Fund*, 113 N.M. 708. 710 (N.M. 1992). This liberal construction is favored because "uninsured motorist statutes are designed to protect the

3

insured from the uninsured or the underinsured motorist, not to protect the insurance company from its own insured." *March v. Mountain States Mut. Cas. Co.*, 101 N.M. 689, 693 (N.M. 1984). Nonetheless, the Court went on to state that "construing an insurance contract accurately and giving it the effect which its language clearly commands is not *ipso facto* a breach of public policy merely because it disappoints the victim of an uninsured motorist." *Id.*

The uninsured motorists policy at issue has several pertinent provisions relating to coverage if a suit is brought. The policy states, "Any judgment for damages arising out of a 'suit' brought without our written consent is not binding on us." Pl. Ex. B. Further, the policy states that in the event of a suit, an insured is to "promptly send us copies of the legal papers." *Id.* Without making a finding of whether the permission to sue clause is valid, it is clear that even when construing the policy liberally, Plaintiff did not comply with the notice provisions. The parties agree that there are no genuine issues of material fact and that the Court's decision rests upon an analysis of the law. The uncontroverted facts suggest that Defendant knew of Plaintiff's car accident and was also aware of the claim number against the tortfeasor's insurance company; however, these facts do not rise to the legal equivalent of "legal papers" as required by the insurance policy. Pl. Ex. D-E.

There is no sustainable proof for summary judgment purposes which could lead the Court to find that Defendant was aware of any pending litigation in which it might have had an interest prior to the entry of judgment against the tortfeasor. Moreover, Plaintiff did not substantially comply with the contract terms requiring defendant be given proper notice under the policy. Plaintiff primarily relies on post-trial notice given to Defendant; nowhere in the policy is such notice deemed sufficient. Thus, Defendant cannot be bound by the $1.6 million judgment rendered in the suit against the tortfeasor; however, Plaintiff's breach of the notice provision does not render the insurance policy void

unless Defendant makes a showing that it has been substantially prejudiced. *Schroth*, 113 N.M. at 711.[1] Defendant has made no showing of substantial prejudice. For these reasons, Plaintiff's motion for summary judgment must be denied.

### IV.  Conclusion

Upon review of the evidence presented on this Motion for Summary Judgment, this Court has determined that Plaintiff's Motion for Summary Judgment (Doc. 43), filed on August 12, 2003 shall be **DENIED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**BY CONSENT AND DESIGNATION**

---

[1] There is no substantial prejudice to Defendant when the Court denies Plaintiff's Motion for Summary Judgment and a full trial on the merits of the case is scheduled. Neither has Defendant made a showing of substantial prejudice regarding matters such as the current unavailability of witnesses who might have been available for an earlier trial.